**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOHNNY ANDREW MCGILL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | **NO. 5:23-CV-00329-MTT-CHW** |
| | : | |
| **CHARLES COLEMAN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| ———————————————— | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Johnny Andrew McGill, an inmate presently housed in the Riverbend Correctional Facility ("Riverbend") has filed a proper and complete motion for leave to proceed *in forma pauperis* (ECF No. 4). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's retaliation claims against Defendant Siska shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must

nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is incarcerated.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the

account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW

## I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th

Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

The claims in Plaintiff's Complaint arise from his treatment at Riverbend. According to the Complaint, Plaintiff received a "chemical burn" to his lips after he began using petroleum jelly purchased from the commissary. Compl. 3, ECF No. 1. Plaintiff states the "immediate burn" caused discoloration of his lips, and he sought medical treatment from Defendant Siska, a prison physician, as a result. *Id.* Defendant Siska told Plaintiff the discoloration—which started as a "small pink spot"—would "go away without evaluating the burn." *Id.* Two days later, the discoloration had spread, prompting Plaintiff to again seek medical treatment. *Id.* Plaintiff was "seen again" by an unspecified practitioner, but "to no avail." *Id.* Plaintiff then complained to the prison's medical services director, Defendant Coleman, about the lack of care; by this time Plaintiff contends his lips were permanently scarred. *Id.* at 3-4. Plaintiff subsequently filed a grievance against Defendant Coleman. *Id.* at 4. Within a month of filing this grievance, Plaintiff again sought treatment from Defendant Siska for "persistent pain" and additional "spread of the pigmentation." *Id.* Defendant Siska, however, "refused to treat Plaintiff" because Plaintiff had filed a grievance against Defendant Coleman. *Id.*

Plaintiff contends Defendants' action and inaction with respect to his lip condition violated his constitutional rights. As a result of these alleged violations, Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages, a jury trial, "costs incurred by Plaintiff in this suit," and "[a]ny additional relief this Court deems proper." Compl. 9, ECF No. 1.

### III.   Plaintiff's Claims

#### A. Deliberate Indifference Claims against Defendants Coleman and Siska

Plaintiff first alleges that Defendants Coleman and Siska deprived him of treatment for his lip injury. These allegations could give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307

6

(11th Cir. 2009).  "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'"  *Id.* (quoting *Farrow*, 320 F.3d at 1243).

In this case, Plaintiff has not pleaded facts sufficient to show that his lip injury constitutes a serious medical need.  Plaintiff first complains that his lips are permanently discolored or scarred.  Compl. 3-4, ECF No. 1.  Plaintiff raised these same claims in another § 1983 lawsuit before this Court, *McGill v. Riverbend Correctional Facility*, No. 5:22-cv-00418-MTT-CHW (M.D. Ga. Nov. 23, 2022) ("*McGill I*"), and they were dismissed without prejudice because discoloration—and even permanent scarring—does not rise to the level of a serious medical need absent other supporting facts.  *Cf. Mitchell v. Scott*, Case No. 17-cv-00245-NJR, 2017 WL 958603, at *3 (S.D. Ill. Mar. 13, 2017) (skin discoloration, standing alone, would likely be considered "merely a cosmetic issue" rather than an objectively serious medical condition, but inmate stated claim by describing additional worsening symptoms and "articulated reasons for believing that his condition is the result of an STD or ringworm infection"); *cf. also McBride v. Houston Cnty. Healthcare Auth.*, 658 F. App'x 991, 999 (11th Cir. 2016) (per curiam) (inmate had serious medical need where she developed "a headache and sore throat so painful that [she] had been unable to eat and drink for days and a serious rash resulting in the skin on [her] lips peeling off— along with her screaming for help").  Although Plaintiff now states he experienced "persistent pain" because of his lip condition, this vague and conclusory statement is still insufficient to demonstrate that he has a serious medical need.  *Brennan v. Thomas*, 780 Fed. Appx. 813, 820 (11th Cir. 2019) (per curiam) (holding that "a plaintiff's statement that he experienced some pain or discomfort is not enough; the prisoner's pain must be

objectively so severe that the failure to treat it deprives him of the minimal civilized measure of life's necessities" (internal quotation marks omitted)); *cf. also Brock v. Wright*, 315 F.3d 158, 163-64 (2d Cir. 2003) (inmate suffered from serious medical need where large, thick keloid scar on face caused issues that were not simply cosmetic, including chronic, substantial pain that interfered with eating and toothbrushing).  Because Plaintiff has failed to allege facts sufficient to show that his lip condition amounts to a serious medical need, he has failed to state a claim upon which relief may be granted.  *See Leonard*, 789 F. App'x at 851.  Plaintiff's Eighth Amendment claims against Defendants should therefore be dismissed.

> B.  Retaliation Claims against Defendant Siska

Plaintiff also alleges that about one month after he filed a grievance alleging deliberate indifference against Defendant Coleman, Defendant Siska "refused to treat Plaintiff, citing 'You filed a grievance on Dr. Coleman, I'm not seeing you anymore.'" Compl. 4, ECF No. 1.  Plaintiff may thus be seeking to raise a retaliation claim against Defendant Siska.  "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  *Farrow*, 320 F.3d at 1248.  A prisoner may state a claim for retaliation by alleging that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech," and (3) there was a causal relationship between the speech and the retaliatory action.  *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Plaintiff's allegations in this Complaint raise the possibility that Defendant Siska refused to treat Plaintiff because Plaintiff participated in the prison grievance process.  The

Court notes, however, that Plaintiff also raised a similar claim in *McGill I*, and his complaint in that case contained additional context concerning Defendant Siska's alleged refusal to treat Plaintiff.  In that case, the Court found that "the cause of Defendant Siska's refusal to treat Plaintiff at that particular moment appears to have been Plaintiff's failure to follow the proper protocol, not the fact that Plaintiff had a grievance pending against Defendant Coleman."   Order & Recommendation 11, ECF No. 6 in *McGill I*.   This additional context is missing from Plaintiff's Complaint in the above-captioned action, but it is also unclear whether Plaintiff is referring to the same refusal he described in *McGill I*.  The Court will therefore give Plaintiff the benefit of the doubt and permit Plaintiff's retaliation claim against Defendant Siska to proceed for further factual development.

## IV.     Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**, and Plaintiff's retaliation claims against Defendant Siska shall proceed for further factual development.   It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga.

L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Siska, it is accordingly **ORDERED** that service be made on Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 28th day of November, 2023.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge